<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LLARA-KIRSTEN TALMADGE and ANTHONY RICHARD TALMADGE, <br><br> *Plaintiffs*, <br><br> v. <br><br> SELENE FINANCE LP and MCCALLA RAYMER LEIBERT PIERCE, LLP, <br><br> *Defendants*. | Case No. 26-4857 <br><br><br> **OPINION** <br><br> May 14, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the Motion for Temporary Restraining Order and Preliminary Injunction (ECF 2, "Motion" or "Mot.") filed by Llara-Kirsten Talmadge and Anthony Talmadge (collectively, "Plaintiffs") on April 30, 2026. Selene Finance LP ("Selene") filed a response in opposition to Plaintiff's Motion on May 8, 2026. (ECF 11, "Selene Opposition" or "Selene Opp.") McCalla Raymer Leibert Pierce, LLP, ("MRLP") filed a response in opposition the same day as Selene. (ECF 12, "MRLP Opposition" or "MRLP Opp.") Plaintiff did not file a reply motion. This Court has decided the Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED** with prejudice.

**WHEREAS** on April 12, 2021, Anthony and Llara-Kirsten Talmadge executed a note in favor of Fairway Independent Mortgage Corporation, in the amount of $300,500, with an initial annual interest rate of 3.3650%. (ECF 11-2, "Foreclosure Complaint" or "FC Compl." ¶ 1.) The note was secured by a mortgage on the property located at 9 Lincoln Drive, Township of Roxbury,

1

Flanders, N.J. 07836 ("the Property") with Mortgage Electronic Registration Systems, Inc. ("MERS").  (*Id*. ¶ 2.)  The property currently serves as Plaintiffs' primary residence.  (Mot. at 2.) The mortgage on the Property was recorded with the Morris County Clerk's Office on April 29, 2021, in Book 24115, Page 1007.[1]  (*Id*. ¶ 2.)  The mortgage was subsequently assigned from MERS to Lakeview Loan Servicing, LLC ("Lakeview") on October 28, 2024.  (*Id*. ¶ 4.)  The assignment was recorded with the Morris County Clerk on October 29, 2024, in Book 24829, Page 1495.[2]  The mortgage was assigned from Lakeview to Selene on April 2, 2025, in Book 24898, Page 1286[3]; and

**WHEREAS** Plaintiffs failed to make their required mortgage payment on September 1, 2024, and continued to miss all payments due thereafter.  (FC Compl. ¶ 7.)  Lakeview sent written demands to Anthony Talmadge by and through its servicer in a failed effort to cure the default. (*Id*.)  Accordingly, Lakeview filed a foreclosure lawsuit in the Superior Court of New Jersey, Chancery Division, Morris County, to recoup the outstanding balance of the note, with a complaint having been filed on March 3, 2025.[4]  (*See generally id*.)  On May 7, 2025, Lakeview moved for its status as Plaintiff in the Foreclosure Action to be substituted for Selene after the April 2, 2025 assignment, which was granted on May 27, 2025.  (ECF 11-1 at 5.)  The Superior Court fully adjudicated the dispute, and entered final judgment for Selene on February 3, 2026, holding Selene:

---

[1] *See* Morris Cnty. Clerk's Off., Pub. Land Rec., Assignment Book 24115, Page 1007, Instrument No. 2021042044.

[2] *See* Morris Cnty. Clerk's Off., Pub. Land Rec., Assignment Book 24829, Page 1495, Instrument No. 2024042597.

[3] *See* Morris Cnty. Clerk's Off., Pub. Land Rec., Assignment Book 24898, Page 1486, Instrument No. 2025012723.

[4] *See Lakeview Loan Servicing, LLC v. Anthony Talmadge, et al.*, Superior Court of New Jersey, Chancery Division, Morris County, Docket No. SWC-F-002723-25 (N.J. Ch. Feb. 3, 2026).

> [I]s entitled to have the sum of $301,299.06 together with interest at the contract rate of 3.375% on $288,594.74 being the principal sum in default including advances from December 18, 2025 to 2/03/2026, and lawful interest thereafter added to the total sum due Plaintiff together with costs of this suit to be taxed including a counsel fee of $3,162.99 raised and paid in the first place out of the mortgaged premises ….

(ECF 11-3, "Final Foreclosure Judgment" at 1.)  Furthermore, the Superior Court approved the right of Selene to hold a foreclosure sale to raise the funds necessary to pay off the debt owed by Plainitffs:

> [T]he mortgaged premises be sold to raise the several sums of money due, in the first place to the Plaintiff, Selene Finance LP, in the sum of $301,299.06, with interest thereon to be computed as aforesaid, the Plaintiff's costs to be taxed, with interest thereon, and that an execution for the purpose be duly issued out of this Court directed to the Sheriff of Morris County ….

(*Id*.)  After final judgment was entered in the Superior Court, Plaintiffs filed a motion to vacate the judgment, which the Chancery Court denied on March 3, 2026.  (ECF 11-6.)  Plaintiffs then filed their Complaint in this matter in conjunction with the present Motion for Temporary Restraining Order.  (*See* Compl; Mot.); and

**WHEREAS** granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).  In determining whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir.

3

1974)). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id*. at 777 (*citing In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

**WHEREAS** Plaintiffs assert four counts in this action. In Count I, Plaintiffs argue Defendants violated the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605(e); 12 C.F.R. §§ 1024.25, 1024.36 by failing to "provide a complete accounting and required documentation" to their Qualified Written Requests ("QWRs.") (Mot. at 1.) In Count II, Plaintiffs assert declaratory judgment is warranted because an "actual controversy exists regarding the validity of the alleged debt, the amount owed, and Defendant's authority to enforce the mortgage" due to alleged incomplete accounting and documentation establishing Defendant's right to collect the mortgage debt. (Compl. at 3.) In Count III, Plaintiffs seek injunctive relief preventing Defendants from "continuing foreclosure activity while material disputes remain unresolved." (*Id*.) Finally, Plaintiffs allege in Count IV unspecified violations of federal consumer protection law, on the grounds the actions of Defendants "deny Plaintiff[s] a meaningful opportunity to challenge the debt." (*Id*.) Plaintiffs also state they have "been impacted by a data breach involving sensitive financial information." (Compl. at 2.) However, the Complaint and Motion do not allege a count based on this allegation, and the data breach concerns Lakeview, which is not a party to

4

this action.  (ECF 1-4, "Exhibit" or "Ex." N.)   Thus, the data breach allegations will not be considered in this Opinion; and

WHEREAS Plaintiffs have failed to demonstrate "a reasonable probability of eventual success in the litigation" and therefore fail to meet their burden to receive injunctive relief as to Counts II-IV.  Fed. R. Civ. P. (65)(b)(1)(A); *see also Reilly*, 858 F.3d at 176.  Plaintiffs' claims asserted in Counts II-IV are barred by the doctrine of *res judicata*, also known as "claim preclusion," and therefore they cannot succeed on those claims.  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998) ("Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  *Res judicata* or claim preclusion applies when a party demonstrates "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action."  *Sims v. Viacom, Inc.*, 544 F. App'x 99, 101 (3d Cir. 2013).  Furthermore, the doctrine applies not only to claims asserted in a previous action but claims that could have been raised in that action.  *Id*.  The Third Circuit takes a broad view of what constitutes the "same action."  *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) ("we take a broad view of what constitutes the same cause of action … *res judicata* generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims" (internal quotations omitted)); and

WHEREAS the state court held in its final judgment deciding the foreclosure claim that the Plaintiff in that action (Selene) was entitled to the sum of $301,299.06 and the contractual interest rate applied to the outstanding balance of the principle from December 18, 2025 to February 3, 2026.  (Final Foreclosure Judgment at 1.)   In that action, Plaintiffs had ample

5

opportunity to file motions contesting the authority of Selene to collect pursuant to the note and mortgage agreement.  The Foreclosure Action Chancery Case Summary Report submitted by Selene (ECF 12-1) suggests Plaintiffs did indeed pursue these arguments in their crossclaims.  (*See generally* ECF 12-1.)  Finally, the present motion is based on the same cause of action as the state court judgment, the foreclosure of the Property.  (*Id.*)  Therefore, Plaintiff cannot relitigate "the validity of the alleged debt, the amount owed, and Defendants' authority to enforce the mortgage" as Plaintiffs request in Count II.  (Final Foreclosure Judgment at 1.)  Nor can the Court issue an injunction "to prevent Defendants from continuing foreclosure activity while material disputes remain unresolved" as requested by Plaintiffs in Count III.  (*Id.*)  The final judgment is proof that there is no remaining dispute regarding the foreclosure.  Neither can the Court accept that "Defendant's actions deny Plaintiff a meaningful opportunity to challenge the debt" as asserted in Count IV, as they were afforded that opportunity in state court, and their claims cannot be relitigated at this Court.[5]  (*Id.*)  Therefore, *res judicata* bars Counts I-IV because (1) a final judgment was entered at the state level; (2) Selene and Plaintiffs were both parties to the state action; and (3) Counts II-IV are predicated on the same cause of action; and

---

[5] Plaintiffs' claims are also barred by the *Rooker-Feldman* doctrine because Plaintiffs ask this Court to directly review a state court's final judgment.  "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court."  *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014).  The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

**WHEREAS** Plaintiffs' remaining Count asserts a claim under RESPA 12 U.S.C. § 2605(e); 12 C.F.R. §§ 1024.25, 1024.36.  This claim is also insufficient to grant Plaintiffs the extraordinary relief they request.  Plaintiffs allege "Defendants expressly acknowledged receipt of Plaintiffs' [QWRs] yet refused to provide the requested information."  (Mot. at 1.)  Furthermore, Plaintiffs contend "Defendants own correspondence demonstrates awareness of the requests and a conscious decision not to comply, establishing a clear likelihood of success on the merits."  (*Id*.)  Even if Plaintiffs are correct and Defendants did violate RESPA (which the Court declines to hold at this time) the statute does not afford the relief requested by the plaintiffs—a temporary restraining order or preliminary injunction halting foreclosure or a sale of the property.  *See Vilkofsky v. Specialized Loan Servicing, LLC*, No. 16 01291, 2017 WL 2573874, at *7 n.11 (W.D. Pa. June 14, 2017) ("RESPA provides for neither equitable nor injunctive relief.").  The only relief Plaintiffs could receive pursuant to their RESPA claim is monetary damages, which is insufficient to establish irreparable harm for the purposes of an injunction.  *See Reilly*, 858 F.3d at 179 n.4 ("[T]he availability of money damages for an injury typically will preclude a finding of irreparable harm.").  Because Plaintiffs have failed to show they are likely to succeed on the merits of Counts II-IV, and Plaintiffs will not be irreparably harmed absent relief this Court can grant as to Count I, Plaintiff's Motion for a Temporary Restraining Order must be **DENIED**.[6]  An appropriate order follows.

/s/  *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

---

[6] Furthermore, the Anti-Injunction Act ("AIA") bars a federal court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Court agrees with MRLP that "none of the exceptions are satisfied in the instant matter."  (MRLP Opp. at 2.)

Orig:  Clerk
cc:      Jessica S. Allen, U.S.M.J.
          Parties