**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LLARA-KIRSTEN TALMADGE and ANTHONY RICHARD TALMADGE,<br><br>*Plaintiffs*,<br><br>v.<br><br>SELENE FINANCE LP and MCCALLA RAYMER LEIBERT PIERCE, LLP,<br><br>*Defendants*. | Civil Action No. 26-4857<br><br>**OPINION**<br><br>November 16, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Defendant Selene Finance LP's ("Defendant" or "Selene") Motion to Dismiss the Complaint filed by Plaintiffs Llara-Kirsten Talmadge and Anthony Richard Talmadge (collectively, "Plaintiffs") in its entirety. (ECF 17, "Motion" or "Mot."; ECF 1, "Complaint" or "Compl.") Plaintiffs filed a brief in opposition to Defendant's Motion on June 1, 2026. (ECF 18, "Opposition" or "Opp.") Defendant filed a reply brief on June 8, 2026. (ECF 20, "Reply.") The Court reviewed all submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is hereby **GRANTED** and Plaintiffs' Complaint is **DISMISSED** without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The factual background of this matter was articulated in full in the Court's Opinion deciding Plaintiffs' Motion for a Temporary Restraining Order. (ECF 14, "Opinion" or "Op."; ECF 2, "TRO Mot.") The Court therefore only summarizes the facts central to deciding the present Motion.

This action stems from the effort of non-party Lakeview Loan Servicing, LLC ("Lakeview") to foreclose on the property located at 9 Lincoln Drive, Township of Roxbury Flanders, NJ 07836 ("the Property"). (ECF 1, Ex. G, "Foreclosure Action Summons" or "F.A. Sum." *See also* ECF 11-2 "Foreclosure Complaint" or "F. Compl. ¶ 2.) Plaintiffs currently occupy the Property. (ECF 1, Ex. K.) On March 10, 2025, a foreclosure action was initiated by Lakeview in the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. SWC-F-002723-25 ("Foreclosure Action") against Plaintiffs. (F. Compl. ¶¶ 1-3.) Plaintiffs contested the Foreclosure Action and sent letters to Lakeview, M&T Bank, and Selene challenging their authority to collect pursuant to the mortgage debt. (ECF 1, Exs. A, B, H, K, L.)

Plaintiffs, proceeding *pro se*, initiated the present action in this Court on April 30, 2026 by filing the Complaint and Motion for a Temporary Restraining Order. (*See generally* Compl.; TRO Mot.) In their Complaint, Plaintiffs allege violations of the Real Estate Settlement Procedures Act ("RESPA") (Count I) on the grounds that "Defendants failed to adequately respond to a Qualified

---

[1] The allegations in the Complaint (Compl.) must be accepted as true solely for purposes of this Motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court also relies on documents integral to or relied upon by the Complaint and matters of public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may also consider the Foreclosure Complaint as "an undisputed authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Abramson v. Bank of New York Mellon*, No. 15-5666, 2016 WL 2770660, at *2 (D.N.J. May 12, 2016).

Written Request [("QWRs")] and failed to provide required account information." (Compl. at 3.) Plaintiffs also allege that "Defendants' actions deny Plaintiff[s] a meaningful opportunity to challenge the debt" and assert "VIOLATION[S] OF FEDERAL CONSUMER PROTECTION OBLIGATIONS" (Count IV). (Compl. at 4.) Counts II and III of the Complaint do not allege violations of substantive law, but request a declaratory judgment that "[a]n actual controversy exists regarding the validity of the alleged debt, the amount owed, and Defendants' authority to enforce the mortgage, due to Defendants' failure to provide a complete accounting and supporting documentation," (Count II), and "injunctive relief to prevent Defendants from continuing foreclosure activity while material disputes remain unresolved, including failure to comply with federal servicing obligations," (Count III). (*See id*. at 4.)

Plaintiffs filed a Motion for Temporary Restraining Order on April 30, 2026. (*See* TRO Mot.) Defendant Selene filed a brief opposing the TRO Motion on May 8, 2026. (ECF 11, "TRO Opp.") Defendant McCalla Raymer Liebert Pierce LLP also opposed the TRO Motion on May 8, 2026. (ECF 12.) This Court denied the TRO Motion on May 14, 2025. (*See* Op.) Subsequently, Defendant filed a Motion to Dismiss the Complaint on May 22, 2026. (*See* Mot.) Plaintiffs filed a brief in opposition to Defendant's Motion on June 1, 2026. (*See* Opp.) Defendant filed a reply brief on June 8, 2026. (*See* Reply.)

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). "If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted 'under any set of facts consistent with the allegations,' a court may dismiss the complaint for failure to state a claim." *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## III. ANALYSIS

### A. Plaintiffs Fail to State a Claim under RESPA

#### 1. The Complaint Fails to Meet the Rule 8(a) Pleading Standard

Count I of the Complaint alleges violations of RESPA under 12 U.S.C. § 2605(e). (Compl. at 3.) Defendant argues that this count should be dismissed under Rules 8(a) and 12(b)(6) for improper group pleading and failure to state a claim. (Mot. at 4.) In opposition to Defendant's Motion, Plaintiffs argue that they state a claim under RESPA because they have made "repeated

requests" for documentation related to the Note and mortgage debt in QWRs and have not received the requested information, leaving them with the "inability to verify amounts claimed due, and damages flowing from continued collection and foreclosure activity without full validation." (Opp. at 2.)[2] The Court agrees with Defendant, and finds that Plaintiffs have not satisfied the requirements of Rule 8(a) and fails to plead a proper RESPA claim under Rule 12(b)(6).

Rule 8(a) requires a pleading to contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Phillips*, 515 F.3d at 232. This means the complaint need not only provide "fair notice" to the defendant of the allegations against them, but it must also provide the "grounds" or reasons on which the claim rests. *Id. Pro se* litigants are subjected to a less sophisticated Rule 8(a) pleading standard than pleadings submitted by professional attorneys. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, *pro se* pleadings may not improperly group all defendants together, and "must make clear what allegations are lodged against each named defendant." *Hamza v. United Continental Holdings, LLC*, No. 19-8971, 2019 WL 13398621, at *2 (D.N.J. Dec. 30, 2019) (citing *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015)). Furthermore, the allegations in a complaint must be related to the alleged conduct of the defendants and cannot be "so vague that [defendant] cannot respond without prejudicing itself." *Id.*

The Court finds that Count I of Plaintiffs' Complaint, which spans one sentence, does not satisfy the Rule 8(a)(2) pleading standard. First, Count I does not specify which conduct is

---

[2] Plaintiffs also argue that their RESPA claims are not barred by res judicata or the entire controversy doctrine. (Opp. at 2.) However, since Defendant's *res judicata* and entire controversy arguments were limited to Count IV of the Complaint, these doctrines will not be analyzed under Count I. (*See* Mot. at 4-8.)

attributable to Defendant Selene verses Defendant McCalla Raymer Leibert Pierce, LLP (Selene's counsel in the Foreclosure Action), and therefore must be dismissed for improper group pleading. *Marshall v. Mfrs. Traders and Trs. Co.*, No. 20-19421, 2023 WL 5928318, at *3 (D.N.J. Sept. 12, 2023) ("Plaintiff's Complaint is replete with group pleading, *i.e.*, referring to all three distinct Defendants together as one. Specifically, the Complaint refers to actions taken by 'Defendant' or 'Defendants' interchangeably, without specifying which named defendant or defendants took which action."). Count I of the Complaint simply states: "Defendants failed to adequately respond to a Qualified Written Request and failed to provide required account information." (Compl. at 3.) As Defendant notes, Plaintiffs group Selene with McCalla Raymer Leibert Pierce, LLP, as well as non-parties M&T Bank and Lakeview. (*See id.*; Mot. at 5.) Without specifying which action was taken by which entity, the Court cannot find that the requirements of Rule 8(a)(2) are met. Count I does not state facts which provide the Court with a basis to determine the alleged conduct at issue. *See Sequeria v. Metropolitan Life Ins. Co.*, No. 25-1929, 2026 WL 2085489, at *6 (D.N.J. July 20, 2026) (dismissing RESPA claims on the grounds the plaintiff improperly grouped together the defendants).

Furthermore, Plaintiffs' impermissible group pleading is not cured by the exhibits attached to the Complaint. Many of the documents that Plaintiffs attach involve requests made to non-parties and therefore cannot be considered. (ECF 1, Exs. A, B, H.) *See Hamza*, 2019 WL 13398621, at *2 (dismissing a complaint for vagueness when, in part, the complaint contained assorted exhibits unrelated to the defendant). Plaintiffs do not reference the exhibits in the Complaint or explain how they further their claims. The Court is not obligated to parse through dozens of pages to construct a claim for Plaintiffs. *See Edwards v. Christian*, No. 24-2169, 2024 WL 4471505, at *2 (3d Cir. Oct. 11, 2024) ("[A] District Court is not obligated to discern claims

from exhibits attached to a complaint."). Therefore, the Court holds that Plaintiff fails to satisfy the requirements of Rule 8(a) in Count I.

### 2. Plaintiffs Fail to State a Claim Under Rule 12(b)(6)

Furthermore, Plaintiffs fail to plead a plausible claim under RESPA. To state a claim under RESPA, a plaintiff must show "(1) the submission of a qualified written request by a borrower to a loan servicer for information relating to the servicing of the loan[;] (2) a failure by the loan servicer to timely respond[;] and (3) damages." *Crist v. Cenlar FSB*, No. 23-3488, 2025 WL 296013, at *2 (D.N.J. Jan. 23, 2025). Plaintiffs may recover both actual damages and "in the case of a pattern or practice of noncompliance," statutory damages not exceeding $2,000. *See id.*; 12 U.S.C. § 2605(f)(1)B). Plaintiffs have failed to plausibly establish the third element of a RESPA claim.

Defendant argues that Plaintiffs have failed to show any QWR was properly sent to Selene, which would have triggered a response obligation under 12 U.S.C. § 2605(e). (Mot. at 7.) The basis for this argument is that most of the letters submitted by Plaintiffs were to nonparties M&T Bank and Lakeview, as Plaintiffs state in the Complaint. (Mot. at 7; Compl. at 2-3.) Defendant also argues that even if it could be established that Plaintiffs triggered RESPA's response obligation, Plaintiffs have failed to show they incurred damages because of Defendant's failure to respond. (Mot. at 7.) In response, Plaintiffs argue that they have stated a claim by alleging specific records they have yet to receive and "damages flowing from continued collection and foreclosure activity without full validation." (Opp. at 2.) The Court agrees with Defendant and concludes Plaintiffs have failed to state a plausible claim to relief.

The Court holds that even if Plaintiffs showed they properly submitted a QWR to Defendant, they have not pled damages resulting from the failure to receive the requested

information. When bringing a claim based on actual damages, plaintiffs are required to "present specific evidence to establish a causal link between the financing institution's violation and their injuries." *Block v. Seneca Mortg. Serv.*, 221 F. Supp. 3d 559, 592 (D.N.J. 2016) (quoting *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016)). Courts in this District have further held: "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *E.g.*, *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (citing 12 U.S.C. § 2605(f)(1)(A)). Here, Plaintiffs allege a violation of RESPA, but have not alleged they had actual damages as a result of Defendant's failure to respond. As Defendant states, the damages resulting from the data breach mentioned in the Complaint are attributable to Lakeview, rather than Defendant. (*See* Compl. at 3; Mot. at 8.)

The Court also finds that Plaintiffs' response in their opposition brief does not clear the deficiencies of the Complaint. As a general matter, Courts need not consider legal arguments raised for the first time in an opposition brief. *See Medley v. Atlantic Exposition Serv.*, 550 F. Supp. 3d 170, 187 (D.N.J. 2021) ("Plaintiffs raised no such claims or factual allegations in their Complaint, and may not amend their complaint through factual allegations first raised in an opposition brief"). Even if the Court did consider the newly raised factual allegations in Plaintiffs' opposition brief, it would still conclude that they fail to show damages casually connected to Defendant's alleged failure to respond to QWRs. Plaintiffs allege damages "flowing from continued collection and foreclosure activity without full validation [of the mortgage loan]." (Opp. at 2.) However, Plaintiffs have not alleged what these damages are specifically, and how they were caused by Defendant's servicing activities.

Furthermore, the requirements of § 2605 are limited to servicing rather than foreclosure-related activities. *See* 12 U.S.C. § 2605(e)(1)(A) ("If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information *relating to the servicing of such loan*, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days[.]"). Plaintiffs have also failed to establish a "pattern or practice" of activity in violation of RESPA entitling them to statutory damages. *See id.* § 2605(f)(1)(B). For example, successful RESPA plaintiffs have satisfied the damages element by alleging a loan servicer continued to report late loan payments to credit reporting bureaus after their mortgage debt was already discharged. *See, e.g.*, *Hutchinson*, 410 F. Supp. at 383. In contrast, courts have rejected allegations of damages when parties simply state they were emotionally damaged or were damaged by the costs incurred in submitting a QWR. *See Block*, 221 F. Supp. 3d at 592; *Giordano*, 160 F. Supp. 3d at 785. The Court finds that Plaintiffs have failed to establish a plausible claim to relief under Rule 12(b)(6), and Count I of the Complaint is accordingly **DISMISSED** without prejudice.

**3. Plaintiffs' Request for a Declaratory Judgment and Injunctive Relief Must Be Denied.**

The Court concludes it must dismiss Counts II and III of the Complaint, which request a declaratory judgment and injunctive relief. (*See* Compl. 3-4.) It is well-established that RESPA does not allow equitable or injunctive relief, and its remedies are limited to actual or statutory damages. *See Howard v. Vill. Capital Inv. LLC*, No. 25-4588, 2025 WL 2092111, at *2 (D.N.J. July 25, 2025); *Vilkofsky v. Specialized Loan Servicing, LLC*, No. 16-01291, 2017 WL 2573874, at *7 n.11 (W.D. Pa. June 14, 2017) ("RESPA provides for neither equitable nor injunctive relief."). Plaintiffs provide no other statute from which the Court can assess whether Plaintiffs are entitled to the requested relief.

Additionally, courts in this district have historically declined to issue a declaratory judgment regarding a defendant's standing to foreclose on a subject property from the face of the complaint. *Coleman v. Deutsche Bank Nat. Trs. Co.*, No. 15-1080, 2015 WL 2226022, at *3 (D.N.J. May 12, 2015) ("[I]t is premature for Plaintiff to seek a judicial determination regarding Defendants' standing to ultimately foreclose on the subject property."). As for Plaintiff's request for a preliminary injunction, it is well-established that injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." *Empire United Lines v. Baltic Auto Shipping, Inc.*, No. 15-355, 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting *AT & T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir.1994)). As decided in the Court's Opinion issued on May 14, 2026, Plaintiffs have failed to show a preliminary junction is warranted because the facts alleged in the Complaint do not support a showing of (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004). (*See* Op. at 3-5.) Accordingly, Count II and III of the Complaint are hereby **DISMISSED** without prejudice.

**B. Count IV of the Complaint Fails Rule 8(a)'s Pleading Standard and Must Be Dismissed**

Defendant argues that Count IV of the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Mot. at 9.) Defendant contends that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, because the claim that "Defendants' actions deny Plaintiff a meaningful opportunity to challenge the debt" requires federal review of the Foreclosure Action. (*See id.*; Compl. at 4.) Plaintiffs in return argue that the *Rooker-Feldman* doctrine is inapplicable, because their claims are based on their inability to challenge "servicing

irregularities and chain-of-transfer issues" and that "material accounting disputes remain unresolved." (Compl. at 2.) The Court holds that it cannot make a substantive ruling due to the vague nature of the Complaint, and dismisses Count IV on Rule 8(a) grounds rather than Rule 12(b)(1) grounds. *See De La Cruz v. Crosscountry Mortgage LLC*, No. 24-605, 2024 WL 5165387, at *5 (D.N.J. Dec. 18, 2024) (declining to determine whether a plaintiff's arguments are barred when the Rule 8(a)(2) pleading standard has not been satisfied).

A complaint may be properly dismissed when the pleading requirements of Rule 8(a)(2) are not met. *See M.G. v. Crisfiled*, 547 F. Supp. 2d 399, 405 (D.N.J. 2008) ("A court can dismiss a claim *sua sponte* if it is insufficiently plead under Rule 8(a)(2)."); *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 3 F. Supp. 2d 518, 530-31(D.N.J. 1998) (holding a plaintiff's failure to comply with Rule 8(a) is a sufficient basis for dismissing a complaint); *Knaus v. Scottrade, Inc.*, No. 15-3549, 2016 WL 1222268, at *3 (D.N.J. Mar. 28, 2016) (dismissing a complaint on the grounds conclusory and vague allegations failed the Rule 8(a) pleading standard). The Court concludes that Count IV of the Complaint fails the minimal requirements of Rule 8(a) to provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs have not specified which federal statutes they allege Defendant violated. (*See* Compl. at 4.) Nor have Plaintiffs specified which activity they allege constitutes violations of federal law. (*Id.*) Without more, the Court cannot rule on whether it lacks jurisdiction over Count IV. Nor can the Court conclude whether specific claims or issues are barred by the prior state court action, because Plaintiffs have not pleaded any issues or claims under Count IV with sufficient specificity. The Court therefore holds that Count IV of the Complaint is **DISMISSED** without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant Selene Finance LP's Motion to Dismiss is hereby **GRANTED** and Plaintiffs' Complaint is **DISMISSED** without prejudice. The Court will afford Plaintiffs a final opportunity to present a viable claim within thirty (30) days from the date of this Opinion. An accompanying order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
Parties